IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GABRIEL JACOBO-ROSAS,

        Plaintiff,

vs.                                                                                  No. CV 21-0789 KG/GBW

UNITED STATES ATTORNEY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under 28 U.S.C. §§1915A and 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6) on the Civil Complaint filed by Plaintiff Gabriel Jacobo-Rosas. (Doc. 1). The Court will dismiss the Civil Complaint for failure to state a claim and for lack of standing and will enter final judgment.

### I. Procedural and Factual Background

Plaintiff Gabriel Jacobo-Rosas is a federal pretrial detainee at the Cibola County Correctional Center. (Doc. 1 at 4). This is one of several civil cases filed by Plaintiff. *See, e.g., Jacobo-Rosas v. City of Santa Fe, NM,* CV 21-00778 JCH/KK; *Jacobo-Rosas v. United States,* CV 21-00791 JCH/KBM; *Jacobo-Rosas v. U.S. Public Defenders Office,* CV 21-00790 JCH/CG. Plaintiff Jacobo-Rosas filed his Civil Complaint on August 19, 2021. (Doc. 1). In the Civil Complaint, Plaintiff purports to sue the United States Attorney. (Doc. 1 at 1).

Plaintiff's Complaint makes the following allegations:

> "Defendant has committed Misprision of Treason, 18 USC 2382, by not prosecuting the elected officials who have committed Treason, 18 USC 2381, by not having surety bonds on file at the Secretary of State's Office to comply with NMSA 10-2-7. . . Since a RICO is a domestic enemy of the United States and an enemy of the people of the United States, and the Defendant has covered up the RICO, the Defendant has adhered to, given aid and comfort to the enemy by not prosecuting the enemy RICO. This is the definition of Treason, which the Defendant has clearly committed. . .

1

> Plaintiff also seeks the prosecution of the State of New Mexico Finance Board Officers for being the principals-in-charge of the New Mexico RICO. For the charge of Treason, Plaintiff wants the Defendant to seek the death penalty for these persons since they are the ones ultimately responsible for harming the people with treasonous acts during a time of war."

(Doc. 1 at 1-3). Plaintiff Jacobo-Rosas seeks the seizure of all the personal assets of the United States Attorney, and "$__ Million in punative damages." (Doc. 1 at 2).

## II. Pending Motions

Initially, Plaintiff did not pay the civil filing fee and did not submit an application to proceed *in forma* pauperis under 28 U.S.C. § 1915. Following an Order to Cure Deficiency, Plaintiff did file an Application to Proceed in District Court Without Prepayment of Fees or Costs. (Doc. 4, 7). Based on the information about Plaintiff's financial status (Doc. 7 at 1), the Court will grant Plaintiff's Application and will waive an initial partial payment pursuant to § 1915(b)(1).

Also pending before the Court is Plaintiff's Motion to Proceed Under the RICO Act. (Doc. 5). As set out, below, Plaintiff's Complaint fails to state a RICO claim for relief and the Court is dismissing this case. Plaintiff's Motion is denied as moot in light of the dismissal of the case.

## III. The Law Regarding Dismissal for Failure to State a Claim

Plaintiff Jacobo-Rosas is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed.R.Civ.P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Under Fed.R.Civ.P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*, 550 U.S. at 555; *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may

dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim upon which relief may be granted. § 1915(e)(2)(B)(2) The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson,* 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

### III. Analysis of Plaintiff Jacobo-Rosas' Claims

Plaintiff Jacobo-Rosas insists that his claims are brought under the "RICO Act." (Doc. 5). The Civil Complaint fails to state a RICO claim for relief. The Court also concludes that the Civil Complaint is frivolous and malicious. The Court will dismiss the Civil Complaint without leave to amend and will impose a strike under 28 U.S.C. § 1915(g).

### A. RICO Act Claims:

Plaintiff Jacobo-Rosas argues that his Civil Complaint is brought under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (Doc. 1, 5). Plaintiff makes vague allegations that Defendant is part of a RICO because the Defendant has been given evidence of the surety bond fraud scheme documenting that there are no surety bonds for elected officials at the N.M. Secretary of State's Office as required by law, NMSA 10-2-7; and failed to act on that evidence by not prosecuting the enemy RICO. (Doc. 1 at 2). With absolutely no factual or legal support, Plaintiff claims that Defendant's actions constitute Misprision of Treason and Treason. (Doc. 1 at 1-2).

RICO was enacted to address "racketeering activity". The statute defines "racketeering activity" to encompass specified state and federal offenses, which are referred to as predicate acts.

These predicate acts include any act indictable under enumerated federal statutes, 18 U.S.C. §§ 1961(1)(B)-(C), (E)-(G), specified crimes chargeable under state law, § 1961(1)(A), and any offense involving bankruptcy or securities fraud or drug-related activity that is punishable under federal law, § 1961(1)(D). Predicate acts can give rise to a RICO claim when they are part of a "pattern of racketeering activity", which is defined as a series of related predicates that together demonstrate the existence or threat of continued criminal activity. *H.J. Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 239 (1989); see § 1961(5) (specifying that a "pattern of racketeering activity" requires at least two predicates committed within 10 years of each other).

RICO's § 1962 sets forth four specific prohibitions against use of a pattern of racketeering activity to infiltrate, control, or operate "a[n] enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." First, Section 1962(a) makes it unlawful to invest income derived from a pattern of racketeering activity in an enterprise. Second, Section 1962(b) makes it unlawful to acquire or maintain an interest in an enterprise through a pattern of racketeering activity. Third, Section 1962(c) makes it unlawful for a person employed by or associated with an enterprise to conduct the enterprise's affairs through a pattern of racketeering activity. Last, § 1962(d) makes it unlawful to conspire to violate any of the other three prohibitions. 18 U.S.C. § 1962(a).

Violations of § 1962 are subject to criminal penalties, § 1963(a). Civil proceedings to enforce the prohibitions of RICO may be brought by the U.S. Attorney General, §§ 1964(a)-(b). RICO also creates a private civil cause of action that allows "[a]ny person injured in his business or property by reason of a violation of section 1962" to sue in federal district court and recover treble damages, costs, and attorney's fees. § 1964(c). *RJR Nabisco, Inc. v. Eur. Cmty.*, 579 U.S. 325, 136 S. Ct. 2090, 2096–97 (2016).

"RICO is to be read broadly." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 497 (1985). To maintain a cause of action under § 1964(c), a plaintiff must plead and ultimately prove: (1) that the defendant violated § 1962; (2) that the plaintiff's business or property was injured; and (3) that the defendant's violation is the cause of that injury. *Id.*; *see RJR Nabisco*, 136 S.Ct. at 2096–97; *Safe Streets All. v. Hickenlooper*, 859 F.3d 865, 881 (10th Cir. 2017); *Robbins v. Wilkie,* 300 F.3d 1208, 1210 (10th Cir.2002). A pattern of racketeering activity must include commission of at least two predicate acts. *Resolution Trust Corp. v. Stone,* 998 F.2d 1534, 1543 (10th Cir.1993). Also, a plaintiff has standing to bring a RICO claim only if he was injured in his business or property by reason of the defendant's violation of § 1962. *Robbins,* 300 F.3d at 1210; *Deck v. Engineered Laminates*, 349 F.3d 1253, 1256–57 (10th Cir. 2003); *Gillmor v. Thomas*, 490 F.3d 791, 797–98 (10th Cir. 2007).

Plaintiff's Civil Complaint does not state a RICO claim for relief. Plaintiff does not factually allege that Defendant has engaged in any of the state or federal offenses that constitute racketeering activity for purposes of RICO. 18 U.S.C. §§ 1961(1). Further, the Court has found no authority for the proposition that a United States Attorney employed by the federal Department of Justice even has a duty to report or enforce an alleged New Mexico statute requiring elected New Mexico officials to post a surety bond with the New Mexico Secretary of State, much less that the failure to report or enforce the state statute constitutes racketeering activity. The Civil Complaint wholly fails to state any claim for relief under RICO. *RJR Nabisco*, 136 S.Ct. at 2096–97; *Safe Streets All. v. Hickenlooper*, 859 F.3d at 881.

Further, Plaintiff Jacobo-Rosas does not allege that Defendant has injured any business or property of Plaintiff. Instead, Plaintiff claims that Defendant has failed to prosecute New Mexico officials. (Doc. 1 at 1-3). Absent any claim that Defendant has injured Plaintiff in his business or

6

property, the Civil Complaint fails to state any claim for relief under RICO. *Robbins,* 300 F.3d at 1210. Further absent the lack of an injury to Plaintiff's business or property, Plaintiff lacks standing to bring any RICO claim. *Robbins,* 300 F.3d at 1210; *Deck v. Engineered Laminates*, 349 F.3d at 1256–57; *Gillmor v. Thomas*, 490 F.3d at 797–98. Therefore, the Court will dismiss Plaintiff's claims.

### B. Amendment Would Be Futile

In deciding whether to dismiss a complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

The Court concludes that, in this case, amendment of the Civil Complaint would be futile. As set out, below, Jacobo-Rosas' claims are legally frivolous and unsupported by any coherent factual allegations. Moreover, Plaintiff has filed multiple cases in this court, giving him several opportunities to attempt to state a viable claim for relief. There does not appear to be any amendment Plaintiff could make that would cure the problems with his pleading. *Bradley v. Val-Mejias,* 379 F.3d at 901. The Court will dismiss the Complaint without leave to amend. *Hall v. Bellmon,* 935 F.2d at 1109.

### C. The Complaint Warrants a Strike Under 28 U.S.C. § 1915(g):

When it enacted the *in forma pauperis* statute, Congress recognized that "no citizen should be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any

7

court of the United States, solely because his poverty makes it impossible for him to pay or secure the costs." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 342 (1948). However, Congress also recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams,* 490 U.S. 319, 324 (1989). Congress noted that prisoner suits represent a disproportionate share of federal filings and enacted a variety of reforms designed to filter out the bad claims and facilitate consideration of the good. *Jones v. Bock,* 549 U.S. 199, 202-204 (2007). Those reforms have included the three-strike rule of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

The three-strike rule of § 1915(g) states:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

By statute, all claims by prisoners seeking redress against a governmental entity, officer, or employee are subject to frivolousness screening. 28 U.S.C. § 1915A(a). Section 1915A provides: "[t]he court shall review ... as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "shall ... dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous ... or fails to state a claim upon which relief may be granted ...." 28 U.S.C. § 1915A(a),(b)(l).

A claim is frivolous if it lacks an arguable legal basis or contains fanciful factual allegations. *Hall v. Bellmon,* 935 F.2d at 1108 (citing *Neitzke v. Williams,* 490 U.S. 319, 325

8

(1989)). A determination of factual frivolousness is appropriate when the factual allegations rise to the level of irrational or wholly incredible. *Denton v. Hernandez,* 504 U.S. 25, 33 (1992). A delusional scenario will justify a 1915(d) dismissal for factual frivolousness. *See Neitzke v. Williams,* 490 U.S. at 327-28. Dismissal is appropriate for a claim based on an indisputably meritless legal or factual theory. *Neitzke v. Williams*, 490 U.S. at 325–30; *Johnson v. Raemisch*, 763 F. App'x 731, 733 (10th Cir. 2019). Plaintiff Jacobo-Rosas's Civil Complaint is wholly lacking in either legal or factual merit and is frivolous.

The Court also determines that Plaintiff Jacobo-Rosas' Complaint is malicious. The Civil Complaint makes unfounded accusations and serious threatening statements against Defendant. (Doc. 1 at 1-3). The Civil Complaint (as well as several of Jacobo-Rosas' other cases), appear to be interposed for the improper purposes of harassment and interfering with the pending criminal case against Jacobo-Rosas, in violation of Fed. R. Civ. P. 11(b)(1).

Because the Court concludes that Jacobo-Rosas' Complaint in this case fails to state a claim for relief under § 1915(e)(2)(B) and is frivolous and malicious, the Court could impose a strike against him under the Prison Litigation Reform Act§ 1915(g). However, information available to the Court indicates that Plaintiff Jacobo-Rosas does not speak, read, or write sufficient English and is likely not the author of the Civil Complaint. Instead, the Civil Complaint appears to have been written by another Cibola County detainee, Donald Thomas Sharp. Therefore, even though a strike would be warranted in this case, the Court will not impose a strike against Plaintiff Gabriel Jacobo-Rosas.

**IT IS ORDERED:**

**(1)** the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 4) filed by Plaintiff Gabriel Jacobo-Rosas is **GRANTED** and the initial payment is **WAIVED**;

**(2)** Plaintiff's Motion to Proceed Under the RICO Act (Doc. 5) is **DENIED** as moot; and

**(3)** The Civil Complaint filed by Plaintiff Gabriel Jacobo-Rosas (Doc. 1) is **DISMISSED** with prejudice for failure to state a claim, for lack of standing, and as frivolous and malicious.

_____
UNITED STATES DISTRICT JUDGE